In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00266-CV
_____


IN RE COMMITMENT OF JESSE LEE DAVIS

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-09-10425 CV**

_____

**MEMORANDUM OPINION**

Jesse Lee Davis appeals from a jury verdict that resulted in his civil commitment as a sexually-violent predator. *See* Tex. Health & Safety Code Ann. § 841.001–.151 (West 2010 & Supp. 2016) (the SVP statute). In two issues, Davis contends the evidence is legally and factually insufficient to support the jury's verdict. We conclude Davis's issues are without merit, and we affirm the trial court's judgment.

1

Under the SVP statute, the State bears the burden of proving that a person is a sexually-violent predator beyond a reasonable doubt. *See* Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). In reviewing legal sufficiency challenges, we assess the evidence in the light that most favors the jury's verdict to determine whether the jury could rationally find that the individual who is the subject of the commitment proceeding is a sexually-violent predator. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). In reviewing the jury's verdict, we must keep in mind that it was the jury's responsibility to fairly resolve any conflicts in the testimony and to weigh the evidence for and against the finding being appealed. *Id.* at 887. In reviewing factual sufficiency challenges in SVP commitment cases, we must determine whether the jury's verdict rests on such weak evidence that although constituting legally sufficient evidence that the individual is a sexually-violent predator, the individual should nonetheless receive another trial. *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

The evidence from Davis's trial established that Davis had been convicted of three sequential sexually-violent offenses prior to the trial. In his appeal, Davis does not argue that the State failed to prove that he is a repeat-sexually-violent offender. Instead, in his first issue, Davis argues that the evidence is legally

insufficient to support the jury's conclusion that he is dangerous to the extent that he does not presently have the ability to control his sexual impulses.

We disagree that the record contains insufficient evidence to support the jury's conclusion that Davis is dangerous because he lacks the present ability to control his sexual impulses. In addition to the evidence of Davis's past sexually-violent offenses, the evidence before the jury included the testimony of Dr. David Self, a psychiatrist who evaluated Davis. Dr. Self testified during the trial that based upon his education, training, experience, and the methodology he employed in reviewing Davis's case, Davis suffers from a behavioral abnormality that makes him likely to engage in another predatory act of sexual violence. Dr. Self explained the methodology he employed in reviewing Davis's case, indicating that the methodology he followed is the same methodology followed by other experts that conduct sexually-violent-predator evaluations in Texas. Dr. Self also explained that he reviewed a referral packet on Davis, which included Davis's law enforcement records, prison records, and sex-offender-treatment records. Dr. Self also testified that he reviewed a psychological evaluation on Davis, risk assessment testing on Davis, and depositions that were taken in Davis's civil commitment case. Dr. Self also personally interviewed Davis prior to the trial. Dr. Self explained that when conducting evaluations in civil commitment cases, he considers all of the information he has about the person in evaluating whether the person can control

3

his sexual urges. The records Dr. Self reviewed in Davis's case included records from a psychologist, Dr. Jason Dunham. According to Dr. Self, Dr. Dunham thought that the risk Davis would reoffend was high. Additionally, Dr. Self explained that Davis's lack of control over his sexual behavior could be inferred from Davis's history, which shows that Davis had committed sexual offenses while he was under supervision. Dr. Self explained that he knew that Davis was being treated in a sex-offender-treatment program; nevertheless, Dr. Self explained that Davis had not completed the program, and he stated that Davis had not received sufficient treatment at the time of trial to cause him to change his opinion that Davis is a sexually-violent predator. Dr. Self also explained that in forming his opinions, he considered a variety of factors that he felt reduced the risk that Davis would reoffend, including that Davis was fifty-nine years old at the time of the trial. Dr. Self explained that recidivism statistics reflect a general recidivism risk for individuals, as a group, who are between sixty and sixty-nine years of age of five to ten percent. In summary, the record reflects that Dr. Self considered both positive and negative factors in forming his opinion that Davis would likely reoffend.

Dr. Self diagnosed Davis with pedophilia, and stated that pedophilia is a lifelong condition. In reviewing the evidence the jury considered, the jury was entitled to agree with Dr. Self that Davis would likely commit another sexually-

4

violent offense. Dr. Self explained that the treatment Davis had received prior to the trial had not equipped Davis with sufficient tools to enable Davis to control his sexual urges.

The evidence before the jury included Davis's testimony. Davis testified that he could control his sexual urges, but the jury was not required to accept his testimony. *See In re Commitment of Barbee*, 192 S.W.3d 835, 842 (Tex. App.—Beaumont 2006, no pet.). Given the other testimony before the jury regarding Davis's prior sexually-violent offenses and the testimony of Dr. Self, the jury could rationally reject Davis's testimony that he did not believe he would reoffend. *Id.*

We conclude that Dr. Self's testimony was neither baseless nor too conclusory to support the jury's finding that Davis is a sexually-violent predator. Viewing the evidence in the light most favorable to the verdict, we hold that a rational jury could have found, beyond a reasonable doubt, that Davis is a sexually-violent predator. *See* Tex. Health & Safety Code Ann. § 841.062(a); *see also Kansas v. Crane*, 534 U.S. 407, 413 (2002); *Mullens*, 92 S.W.3d at 885. We overrule issue one.

In issue two, Davis contends the evidence is factually insufficient to support the jury's finding that Davis is a sexually-violent predator. Pointing to Dr. Self's statements that Davis had been a model prisoner and that Davis had nearly

completed the sex-offender-treatment program that he was taking while imprisoned, Davis argues that his ability to control his sexual urges while imprisoned shows that he currently has no serious difficulty controlling his sexual impulses. However, the jury was entitled to consider that Davis had not had any opportunities to commit sexual offenses while incarcerated. As the sole judge of the credibility of the witnesses and the weight to be given their testimony, the jury was entitled to resolve any conflicts and contradictions that existed in the evidence. *See Barbee*, 192 S.W.3d at 842. Weighing all of the evidence admitted in Davis's trial, we conclude the jury's verdict finding that Davis is a sexually-violent predator does not present a significant risk that the jury's verdict is wrong such that Davis should receive another trial. *See Day*, 342 S.W.3d at 213. We overrule issue two, and we affirm the trial court's judgment and order of civil commitment.

     AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 11, 2016
Opinion Delivered December 8, 2016

Before Kreger, Horton, and Johnson, JJ.

6